USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MENA CORTEZ, et al.,

                Plaintiffs,

-against-

LA NUEVA GIRALDA BAKERY, INC. et al.,

                Defendants.

23-cv-1028 (KHP)

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement (the "Agreement") before this Court for approval. (ECF No. 32.) *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). Plaintiffs have also submitted letters detailing why they believe the Agreement is fair, reasonable, and adequate. (ECF Nos. 25-26, 28.) This Court has reviewed Plaintiffs' submissions to determine whether the Agreement represents a fair and reasonable compromise of the claims asserted in this action and, in light of the totality of the relevant circumstances, it is hereby ORDERED that:

1. The Court finds that the terms of the Agreement, including the proposed award of fees and costs, are fair, reasonable, and adequate, both to redress Plaintiffs' claims in this action and to compensate Plaintiffs' counsel for their legal fees, and the agreement is therefore approved.

2. This Order does not incorporate the terms of the parties' proposed agreement. Further, the settlement agreement does not recite that this Court will retain jurisdiction to enforce its terms, and this Court has made no independent determination to retain jurisdiction. Accordingly, nothing in this Court's approval of the settlement under *Cheeks* should be construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, 2016 WL 6754342, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

3. As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs.

4. The Clerk of Court is directed to close this case on the Docket of the Court.

**SO ORDERED.**

Dated: New York, New York
October 2, 2023

_____
KATHARINE H. PARKER
United States Magistrate Judge